■ In the Matter of ANTHONY MERCADO, Petitioner, v BERNARD B. KERIK et al., Respondents. [737 NYS2d 294] —Determination of respondent Police Commissioner, dated June 14, 2000, finding petitioner guilty of using excessive force in the performance of his duties by striking a civilian in the head with a police radio, and imposing a penalty of 10 days suspension, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Marcy Friedman, J.], entered on or about January 18, 2001), dismissed, without costs.

Respondent's findings that petitioner struck a civilian with his police radio is supported by substantial evidence, including the testimony of the complainant and the complainant's supervisor, an uninvolved bystander. No basis exists to disturb respondent's findings of credibility (*see, Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444). The 10-day suspension does not shock our sense of fairness (*see, id.* at 445; *Matter of Capozzi v New York City Tr. Auth.*, 176 AD2d 237, *lv denied* 82 NY2d 657). Concur—Andrias, J.P., Saxe, Sullivan, Rosenberger and Friedman, JJ.

■ DANIEL WIENER, Respondent, v TAE HAN et al., Defendants, and SHUNG C. GHIM et al., Appellants. [737 NYS2d 290] —Order and judgment (one paper), Supreme Court, New York County (Jane Solomon, J.), entered May 3, 2001, which, inter alia, granted plaintiff's motion for summary judgment upon his claims to recover under lease guarantees given by the Ghim defendants and awarded him the total sum of $83,678.21 against those defendants, unanimously affirmed, with costs. Appeal from the underlying decision of the same court and Justice, dated March 19, 2001, unanimously dismissed, without costs.

Appellants argue that the IAS court, in granting plaintiff summary judgment upon their guarantees, erred in failing to credit them for their lease security deposit. The argument, however, is without merit, since under the terms of both the subject lease and guarantees, plaintiff was entitled to apply the defendants' security deposit to posteviction rent of the tenant, which obligation was not secured by the guarantees. Moreover, appellants' guarantee was expressly "independent of and in addition to any other security or other remedies which Owner has or may have" and provided that "Owner shall not be required to resort to any other security or other remedies before proceeding on this Guaranty." Concur—Andrias, J.P., Saxe, Sullivan, Rosenberger and Friedman, JJ.