841-853 Fee Owner, LLC v Space Initiatives LLC (2024 NY Slip Op 02494)

841-853 Fee Owner, LLC v Space Initiatives LLC

2024 NY Slip Op 02494

Decided on May 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 07, 2024

Before: Webber, J.P., Moulton, Friedman, González, Mendez, JJ. 

Index No. 650542/21 Appeal No. 2214-2215 Case No. 2023-06233, 2023-06234 

[*1]841-853 Fee Owner, LLC, Respondent,
v
Space Initiatives LLC et al., Appellants. 

The Law Offices of Marc Jonas Block, PC, New York (Marc J. Block of counsel), for appellants.
Cozen O'Connor, New York (Amanda L. Nelson of counsel), for respondent.

Judgment, Supreme Court, New York County (Verna L. Saunders, J.), entered August 24, 2023, in favor of plaintiff, and bringing up for review an order and an amended order, same court and Justice, entered July 11, 2023 and July 20, 2023, which granted plaintiff's motion for summary judgment on its claims for rent and additional rent and dismissing the affirmative defenses, unanimously modified, on the law, to reduce that portion of the judgment entered solely against defendant Space Initiatives LLC (tenant) in the amount of $30,000 representing its security deposit held by plaintiff, and otherwise affirmed, without costs. Appeal from aforementioned order and amended order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The motion court correctly rejected defendants' pandemic-related defenses, as this Court "has rejected frustration of purpose, impossibility of performance, and failure of consideration as defenses to the nonpayment of rent under a commercial lease as a result of the pandemic" (88 Greenwich Owner LLC v 21 Rector St LLC, 217 AD3d 432, 433 [1st Dept 2023]). The court also correctly determined that the pandemic was not a "casualty" under paragraph 9 of the lease (see Gap, Inc. v 170 Broadway Retail Owner, LLC, 195 AD3d 575, 577 [1st Dept 2021]).
The court correctly determined that plaintiff's ledger credited certain challenged payments, and defendants failed to raise any other specific challenges to the veracity of the ledger (see Royal Equities Operating, LLC v Rubin, 154 AD3d 516, 517 [1st Dept 2017]). However, with respect to tenant's $30,000 security deposit, plaintiff's ledger and other submissions fail to account for its application. Relying on Wiener v Tae Han (291 AD2d 297 [1st Dept 2002]), plaintiff maintains that it was not required to credit the security deposit to tenant's arrears but rather could apply it to post-eviction damages. However, tenant vacated the premises in January 2021, and plaintiff was awarded a judgment for its damages as against tenant through the end of the lease term on April 30, 2021. Therefore, all of plaintiff's damages were calculable through the date of the motion, and the portion of the judgment awarded solely against tenant should be reduced to reflect the $30,000 security deposit held by plaintiff.
With respect to the application of Administrative Code of the City of New York § 22-1005 (guaranty law), which precludes the enforcement of a commercial lease guaranty by a natural person in certain circumstances, the motion court correctly determined that defendant guarantor's mental health services business was considered essential under Executive Order (A. Cuomo) No. 202.6 (9 NYCRR 8.202.6), and therefore the guaranty law did not apply (see 75 Commercial, LLC v Sung An, 209 AD3d 574, 574-575 [1st Dept 2022]). This Court has recognized that in certain circumstances, the guaranty law does not shield a guarantor from liability, because although "the spirit of [*2]the law would appear to include the guarantor, the letter of the law does not include him" (Knickerbocker Retail LLC v Bruckner Forever Young Social Adult Day Care Inc., 204 AD3d 536, 538 [1st Dept 2022]). Because mental health services were expressly included as "essential services" in the New York State guidance for the application of Executive Order 202.6, the guaranty law does not apply.
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 7, 2024